**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF MICHIGAN**

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, as subrogee of Tim and Laura O'Connell,

Plaintiff,

Case No. 26-cv-

v

Hon.

JETSURF FACTORY SHOP LLC, and MSR ENGINES s.r.o.,

Defendants.

---

Andy J. VanBronkhorst (P72095)
HEWSON & VAN HELLEMONT, P.C.
*Attorneys for Farm Bureau*
625 Kenmoor Ave SE, Ste 304
Grand Rapids, MI 49546
(616) 949-5700 / (616) 949-5704 - Fax
ajv@vanhewpc.com
kwhite@vanhewpc.com (Assistant)

---

## COMPLAINT

THE FOLLOWING CIVIL ACTION AROSE OUT OF THE SAME TRANSACTIONS OR OCCURRENCES AS ALLEGED IN PLAINTIFF'S COMPLAINT: FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN, AS SUBROGEE OF LAURA O'CONNELL V JETSURF FACTORY SHOP, LLC; 34TH CIRCUIT COURT, CASE NO. 24-727187-NP, HON. ROBERT W. BENNETT AND NO LONGER REMAINS OPEN.

Farm Bureau General Insurance Company of Michigan ("Farm Bureau") as Subrogee of Laura O'Connell ("O'Connell"), by and through its attorneys Hewson

& Van Hellemont, P.C., states the following for its Complaint against JetSurf Factory Shop LLC ("JetSurf Factory Shop") and MSR Engines s.r.o. ("MSR Engines").

## JURISDICTION, VENUE, CHOICE OF LAW

1. JetSurf Factory Shop is a Florida limited liability company whose principal place of business is Miami, and whose registered agent is Petr Vencovsky, 1635 North Bayshore Drive, Miami, FL 33132. For purposes of citizenship, this defendant is a citizen of Florida.

2. MSR Engines is a corporation founded under the laws of Czech Republic, and whose principal place of business is Střelice 864, 664 47 Střelice, Czechia. For purposes of citizenship, this defendant is a citizen of Czech Republic.

3. Plaintiff is a Michigan corporation whose principal place of business is in Michigan. For purposes of citizenship, Plaintiff is a citizen of Michigan.

4. This lawsuit arises out of a fire that occurred at 225 Bayshore Dr., Houghton Lake, MI 48629.

5. The amount in controversy is more than $75,000.00, exclusive of interest, costs, and attorney fees.

6. This Court has jurisdiction over Defendants under the long-arm jurisdiction of this court.

7. This Court has subject matter jurisdiction over this dispute, as the amount in controversy exceeds $75,000 and the parties are completely diverse.

8. Venue is proper in this Court.

## BACKGROUND FACTS/GENERAL ALLEGATIONS

9. In June 2021, Tim O'Connell purchased a JetSurf-powered surfboard from JetSurf Factory Shop.

10. The surfboard was designed and manufactured by MSR Engines.

11. On May 29, 2023, the JetSurf powered surfboard ignited while it was in storage at O'Connell's house at 225 Bayshore Dr., Houghton Lake, MI 48629.

12. The fire destroyed the JetSurf-powered surfboard, and caused substantial damage to the structure and contents.

13. O'Connell was insured under a policy of insurance issued by Farm Bureau, and as a direct and proximate cause of the above-referenced incident, Farm Bureau was obligated to pay, and did pay, damages caused by the fire.

14. Farm Bureau paid, under claim HO-1000867378, $12,900.00, which was the amount of the value of the surfboard.

15. Farm Bureau paid, under claim HO-100086347, $98,147.93, which was the measure of damages to the structure and contents.

16. Farm Bureau's total damages are $111,047.93.

17. Having paid the claim, Farm Bureau is subrogated to the rights of its insured.

## COUNT ONE: NEGLIGENCE

18. The fire and resulting damages were caused by the negligence, carelessness, and/or negligent omissions of JetSurf Factory Shop and/or MSR Engines, through its servants and/or employees, acting within their scope of the employment, in:

a. the manufacturing and design of the JetSurf powered surfboard;

b. the construction and assembly of the JetSurf-powered surfboard.

19. As a result of the aforementioned negligence, carelessness, and/or negligent omissions of JetSurf Factory Shop and MSR Engines, Farm Bureau sustained substantial damage and financial loss.

## COUNT TWO: BREACH OF EXPRESS AND IMPLIED WARRANTIES

20. JetSurf Factory Shop and MSR Engines expressly and impliedly warranted the fitness and merchantability of the JetSurf-powered surfboard.

21. The warranty included the written factory warranty issued by JetSurf Factory Shop and provided to O'Connell as a benefit of purchasing the product.

22. JetSurf Factory Shop and MSR Engines breached those warranties, and MSR Engines's and JetSurf Factory Shop's breach of those warranties was the legal and proximate cause of the damages sustained by Farm Bureau.

## Count Three: Breach of The Magnusson-Moss Warranty Act

23. JetSurf Factory Shop and MSR Engines were "suppliers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C.A. § 2301(4).

24. JetSurf Factory Shop and MSR Engines are "warrantors" within the meaning of the Magnuson-Moss Warranty Act 15 U.S.C.A. § 2301(5).

25. Farm Bureau, through its subrogor, was a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C.A. § 2301(3).

26. The JetSurf-powered surfboard was a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C.A. § 2301(1).

27. JetSurf Factory Shop and MSR Engines violated the Magnuson-Moss Warranty Act by failing to replace or repair the JetSurf-powered surfboard or failing to provide Plaintiff with a refund for the JetSurf-powered surfboard knowing that the JetSurf-powered surfboard contained defects that could not be repaired.

28. As a direct result of Defendants' violations of the Magnuson-Moss Warranty Act, Farm Bureau has suffered damages including costs and attorney's fees.

## Count 4: Breach of Implied Warranty in Tort

29. JetSurf Factory Shop and MSR Engines designed, manufactured, and sold the surfboard into the stream of commerce. By doing so, they sold the surfboard subject to the implied warranty in tort.

30. JetSurf Factory Shop and MSR Engines breached the implied warranty in tort because the surfboard was assembled and manufactured improperly.

31. The surfboard was not intended to ignite, but it ignited while it was being used for its intended and foreseeable use and purpose.

32. The surfboard was not fit for its intended purpose because it ignited while being used for its intended use and purpose.

33. JetSurf Factory Shop and MSR Engines breached the implied warranty in tort because the surfboard ignited while it was being used for its intended purpose.

34. JetSurf Factory Shop and MSR Engines breached the implied warranty in tort because the surfboard caused a fire while being used for its intended and foreseeable use.

35. The breaches caused the fire and resulting damages.

**WHEREFORE**, Farm Bureau respectfully requests that this Court enter judgment in its favor and against JetSurf Factory Shop and MSR Engines in an

amount no less than $111,047.93, plus interest, costs, attorney fees, and any other relief that Plaintiff may be entitled to.

Respectfully submitted

HEWSON & VAN HELLEMONT, P.C.

Dated: May 28, 2026 By: ______________________________

Andy J. VanBronkhorst (P72095)
*Attorneys for Farm Bureau*
625 Kenmoor Ave., S.E., Ste. 304
Grand Rapids, MI 49546
(616) 949-5700